UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST TILLERY,                                  No. 06-11726
                                                 (Crim. No. 04-80775)
                      Petitioner,
                                                 District Judge Paul D. Borman
v.                                               Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,

                      Respondent.
_____ /

## REPORT AND RECOMMENDATION

Before the Court is Petitioner Ernest Tillery's Motion to Vacate Sentence [Docket #33], filed pursuant to 28 U.S.C. §2255, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons that follow, I recommend that the Motion be DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged by indictment with being a felon in possession of a firearm, contrary to 18 U.S.C. §922(g).  On November 19, 2004, he entered a guilty plea pursuant to a Rule 11 plea agreement [Docket #4] that was premised on a Sentencing Guidelines range of 18 to 24 months, and a sentence cap of 24 months.  However, upon learning that the correct Guidelines range was 37 to 46 months, the Court rejected the Rule 11 agreement on July 28, 2005, and permitted the Petitioner to withdraw his plea.  Subsequently, on August 30, 2005, the Petitioner asked the Court to reinstate his guilty plea, without the benefit of a

-1-

Rule 11 agreement, and proceed to sentencing (Tr. 8-30-05, 4).  Petitioner's counsel argued

that although the Guideline range was 37 to 46 months, a lower range would be more

reasonable under *United States v. Booker*, 543 U.S. 220,  125 S.Ct. 738, 160 L.Ed. 2d 621

(2005).  Following the argument of counsel, the Court found the Petitioner's criminal history

to be over-represented, and reduced the Guideline range to 33 to 41 months (Tr. 8-30-05, 19-

20), ultimately imposing a sentence of 33 months (Tr. 8-30-05, 21).

Petitioner did not appeal his plea or sentence to the Sixth Circuit.  He filed the present

Motion on April 10, 2006.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside,

or correct his sentence on the ground that the sentence was imposed in violation of the United

States Constitution.  "[A] defendant must show a fundamental defect in the proceedings

which necessarily results in a complete miscarriage of justice or an egregious error violative

of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted);

*Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner

must demonstrate the existence of an error of constitutional magnitude which had a

substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v.*

*United States,* 330 F.3d 733, 736 (6th Cir.2003).

Where the defendant has failed to assert his claims on direct appeal and thus has

procedurally defaulted, in order to raise them in a § 2255 motion he also must show either

that (1) he had good cause for his failure to raise such arguments and he would suffer

prejudice if unable to proceed, or (2) he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States,* 334 F.3d 520, 527 -528 (6th Cir. 2003), *citing United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Furthermore, "The *Frady* cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993).

### III.   ANALYSIS

#### A.   Alleged *Apprendi* Error

In his original Motion, Petitioner argues that in sentencing him to 33 months, rather than the lower sentence cap set forth in the rejected Rule 11 agreement, the trial judge violated *Apprendi v. New Jersey*, 530 U.S. 446, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the facts to which he admitted at his plea did not support a 33 month sentence.

First, Petitioner has procedurally defaulted this issue by not raising it in a direct appeal. Nor has he even suggested good cause for not having pursued an appeal.

Secondly, as a matter of substantive analysis, the court did not violate *Apprendi*. In *Apprendi*, the Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker, supra*, 543 U.S. at 233. The Petitioner pled guilty to being a

-3-

felon in possession of a firearm, 18 U.S.C. §922(g), which has a statutory maximum sentence of 10 years. When he pled guilty, the Petitioner stipulated to the following facts, as set forth in the Rule 11 plea agreement:[1]

> "On or about April 22, 2004, in the Eastern District of Michigan, Southern division, namely Detroit, Michigan, Defendant Ernest Tillery, after having been convicted of a felony offense, knowingly possessed a firearm, to-wit: one Smith & Wesson, .9mm handgun with an obliterated serial number, which was manufactured outside the state of Michigan and thus traveled in interstate commerce. Further, Defendant, Ernest Tillery, has not applied for nor received any restoration of his firearms privileges from the State of Michigan subsequent to his most recent Michigan conviction."

The difference between the lower Guidelines range of 18 to 24 months contained in the Rule 11 agreement and the re-calculated range of 37 to 46 months was based on the Petitioner receiving additional points for being on probation at the time of the charged offense. In other words, it resulted from a prior conviction. The facts of the offense that the Petitioner stipulated to fully support the higher Guidelines range. In addition, this is a post-*Booker* case in which the sentencing judge clearly recognized that the Sentencing Guidelines were advisory, not mandatory. Indeed, he lowered the advisory range upon finding that the Petitioner's criminal history was over-represented. There is no error under *Apprendi* or *Booker*.

### B.    Ineffective Assistance

In a Reply Brief [Docket No. 36], Petitioner argues for the first time, and without

---

[1]These facts formed the basis of the Petitioner's plea, which he at first withdrew, and which the Court later reinstated on Petitioner's request. That the Rule 11 agreement was rejected does not negate the Petitioner's stipulation to the factual basis for the plea.

further elucidation, that he was deprived of the effective assistance of counsel because "based on his attorney's lack of advice he should not have withdrawn his plea agreement."

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Where ineffective assistance is alleged in the context of a guilty plea, it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that, but for counsel's errors, he or she would not have pled guilty, but would have insisted on going to trial. *Hill*, 474 U.S. at 58-59; *Warner* v. *United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability

-5-

that but for counsel's defective advice, he would not have pled guilty).

First, Petitioner's claim of lack of advice from his attorney is contradicted by the record. At the sentencing hearing on August 30, 2005, the following colloquy occurred:

> DEFENSE COUNSEL: We wanted, he wanted to file some motions. Mr. Tillery and I spent some time reviewing the discovery and had a discussion of the merits of those motions and we have decided that it's in his best interests to reinstate the guilty plea without forcing the government of the Court to go through those motions. At this time we seek to reinstate the guilty plea and go to sentencing.
>
> THE COURT: *Mr. Tillery, did you speak with your attorney, Mr. Gerometta, about this matter?*
>
> THE DEFENDANT: *Yes, sir.*
>
> THE COURT: *And based on his advice and your understanding of the various potential issues to raise or whether they are frivolous or substantial, you have gone over that with Mr. Gerometta and based on that you made a decision, is that correct, sir.?*
>
> THE DEFENDANT: *Yes, sir.*
>
> THE COURT: Okay. And so you had previously entered a guilty plea and you want to reinstate that plea, is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Now, that plea means that the guideline range that we are looking at is 37 to 46 months. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. The guideline range is one of many factors that the Court takes into account at sentencing. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: But it's a very significant factor. Do you understand that?

-6-

THE DEFENDANT: Yes, sir.

THE COURT: And the Court sees it as a significant factor. Do you understand that?

THE DEFENDANT: Yes, sir. (Tr. 8-30-05, 4-5) (emphasis added).

Thus, the Petitioner acknowledged on the record that he had discussed his plea withdrawal with his attorney, and that he fully understood the consequences of what he was doing. In addition, the Court itself advised the Petitioner of the consequences of pleading guilty without the benefit of the previous Rule 11 agreement, and again, the Petitioner said that he understood. As a result, Petitioner has not only failed to show, under the first prong of *Strickland*, that his attorney's performance was deficient, but has also failed to show, under the second prong of *Strickland* and *Hill v. Lockhart*, that he was prejudiced, that is, that absent the alleged failure of his attorney to completely explain the decision to plead guilty, he would in fact have elected to go to trial.

Accordingly, Petitioner was not denied the effective assistance of counsel, and is not entitled to relief under §2255.


## IV.    CONCLUSION

For these reasons, I recommend that Petitioner's Motion to Vacate Sentence Under 28 U.S.C. §2255 [Docket #33] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 9, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 9, 2007.

S/G. Wilson
Judicial Assistant

-8-